IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KEITH WASHINGTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 05 C 549 |
| v. | ) |
| | ) Judge Wayne Andersen |
| SAFER FOUNDATION, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Keith Washington (Washington), a former employee of Safer Foundation (Safer), filed this Title VII action against Safer and two of its employees, Colleen MacRunnels, and Henrietta Mason, alleging claims of racial and sex discrimination and retaliation. By order dated July 15, 2005 [19], this Court dismissed Washington's claims of sex discrimination and retaliation, as those claims were not presented to the Equal Employment Opportunity Commission (EEOC), and dismissed MacRunnels and Mason as defendants. The only claim that remains is Washington's claim of racial discrimination. Both Washington and Safer have filed motions for summary judgment. For the following reasons, the Court grants Safer's motion for summary judgment, denies Washington's summary judgment, and dismisses this action.

### I. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Walker v. Northeast Regional Commuter Railroad Corp.*, 225 F.3d 895, 897 (7th Cir. 2000).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). If the mover for a summary judgment presents evidence demonstrating no issue of material fact with respect to an element of the case, the non-moving party, "to survive summary judgment, . . . may not rely on mere allegations; [he] must present specific facts to show that a genuine issue of material fact exists." *Sartor v. Spherion Corp.*, 388 F.3d 275, 278 (7th Cir. 2004) (*citing Celotex*, 477 U.S. at 322-23).

## II. FACTS

The undisputed facts show the following.[1] Washington was employed by Safer, a not for profit organization that assists persons being released from prison to reenter their communities. Washington began his employment with Safer in 1998 as an Instructional Facilitator, then worked as a Case Manager, and ultimately held the position of Vocational Trainer in Safer's Job Preparedness Program at the Sheridan Correctional Center. In June 2002, Safer reprimanded Washington in writing for not reporting to work as scheduled on May 17, 2002. That reprimand stated the importance of employees reporting to work, stressed the seriousness of an employee not reporting to work without notification, and warned that future similar conduct would result in a more serious discipline. Docket Entry 40 (Safer's Summary Judgment Motion), Exhibit A.

---

[1] The record indicates that Safer forwarded Request for Admissions to Washington on April 28, 2006, *see* docket entries 25 and 40 (attachment), but that Washington did not respond until February 20, 2007. Docket Entry 52. Under Fed. R. Civ. P. 36, this court considers Safer's request for admissions admitted. Nevertheless, the pertinent facts of this case, except where specifically noted above, are not disputed by the parties, and summary judgment for Safer is warranted even without considering Safer's request for admissions admitted.

2

On April 9, 2004, Safer provided Washington with notification procedures for employees calling in sick or reporting being late, and provided the names and phone numbers of supervisors to contact. Docket Entry 40, Exhibits B and C. On April 12, 2004, Washington was late for work. He did not notify his supervisor, thus failing to follow Safer's policy. On April 15, 2004, Washington left work at 9:30 am without directly telling his supervisor. On April 16, 2004, Washington did not report to work, and did not directly inform his supervisor. On April 19, 2004, Washington's supervisors met with him and informed him that he was being terminated from employment based upon his actions on April 12th, 15th, and 19th. Docket Entry 40, Exhibit D.

On April 27, 2004, Washington filed a grievance, explaining that he left work on April 15, and was not at work on April 16, because his paycheck from Safer had not been directly deposited into his bank account, and he had to resolve the issue at the bank. Washington stated that he had been in contact with Safer's Human Resources Department both days, but that he could not contact his supervisor, Colleen MacRunnels, because she was in Springfield and could not be reached. Washington further stated that he believed he was terminated because: "I openly disagreed with my supervisors on things, and had suggestions on doing things differently that would yield not only better results, but results more along the guidelines that the organization was awarded the contract on." Docket Entry 40, Exhibit E (quote on page 3). Washington's supervisor (MacRunnels) reviewed and denied the grievance. Washington appealed the denial to MacRunnels' supervisor (Jodina Hicks), who denied the appeal. Washington continued his appeal and sought review from Safer's Human Resources Department. In November 2004, that appeal was granted in part, and Safer offered to reinstate Washington with certain conditions, including that: Washington agree to return to work without receiving back pay and past benefits; he work as a Institutional Facilitator at the Pace Institution; he follow all "call-off" procedures of his work area without deviation; and he adhere to all rules and regulations of Safer without deviation. Docket Entry 40, Exhibits F, G, and L. Washington agreed to the conditions except the denial of back pay and lost benefits. Docket Entry 40, Exhibit H.

3

By letter dated November 19, 2004, Safer informed Washington that his reinstatement was conditioned on him not receiving back pay and back benefits. The letter stated that Washington could return to work only if he agreed to the conditions. Docket Entry 40, Exhibit I. In a reinstatement agreement dated November 19, 2004, Washington agreed to return to work with certain conditions, including not receiving back pay and back benefits. Docket Entry 40, Exhibit J. In a letter to Safer dated November 29, 2004, Washington stated that he accepted the reinstatement agreement, including the denial of back pay and back benefits; that he considered such an agreement adhesionary; that he believed that he was discharged based upon discrimination by his supervisor Colleen MacRunnels; and that he intended to return to work but retain his right to seek legal recourse. Docket Entry 40, Exhibit K. Washington filed a complaint with the EEOC on December 14, 2004, received a right to sue letter on December 21, 2004, and commenced this action in January 2005. As previously determined by this Court, because Washington asserted only claims of racial discrimination to the EEOC, and not claims of gender discrimination or retaliation, his current suit is limited to his claim of that Safer discriminated against him based upon his race. Docket Entry 19.

### III. Employment Discrimination Standards of Proof:

A plaintiff can prove employment discrimination under either a direct or indirect method of proof. In this case, without direct evidence that Safer discriminated against him on the basis of race, Washington seeks to prove racial discrimination under the indirect method. Under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), burden shifting approach, the plaintiff must first establish a prima facie showing of discrimination, that: "(1) he was a member of a protected class; (2) he was qualified for the job in question; (3) he suffered an adverse employment action; and (4) the defendant treated other similarly situated employees who were not members of the class more favorably." *Paul v. Theda Med. Ctr., Inc.*, 465 F.3d 790, 794 (7th Cir.2006) (citing *McDonnell Douglas Corp.*, 411 U.S. at 802). Failure to satisfy any one element of the prima facie case is fatal to an employee's employment discrimination claim. *Sublett v. John*

4

*Wiley & Sons, Inc.*, 463 F.3d 731, 740 (7th Cir. 2006). If the plaintiff establishes a prima facie case, then the burden shifts to the defendant to present evidence of a legitimate, non-discriminatory reason for its actions. If the defendant makes that showing, then the burden shifts back to the plaintiff to show that the defendant's reason is pretextual, i.e., a "lie" or a "phony reason" for the action. *Paul*, 465 F.3d at 794 (*citing McDonnell Douglas*, 411 U.S. at 802; *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 983 (7th Cir.1999)).

## IV. Analysis

Safer contends that: (1) Washington has not established a prima facie case of discrimination because he has shown neither that he was qualified for the position, nor that similarly situated employees not in his protected class were treated differently, and (2) even if Washington has established a prima facie case, Safer has proffered a legitimate non-discriminatory reason for terminating him, and he has not and cannot demonstrate that the proffered reason was pretext. The summary evidence shows that Safer is correct on both points.

With respect to Washington's attempt to establish a prima facie case, he demonstrates and Safer does not dispute that, as an African-American, he is a member of a protected class and that his termination from employment is an adverse employment action. However, the summary judgment evidence demonstrates that he was not meeting the expectations of his employer and that he cannot demonstrate that similarly situated employees not in his protected class were treated differently.

Regarding the similarly situated element of Washington's prima facie case, the summary judgment evidence reveals that he cannot demonstrate that similarly situated non-African American employees were treated differently. To satisfy this element, a plaintiff must show that the other employees were "directly comparable to [the plaintiff] in all material respects." *Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 751 (7th Cir. 2006) (citation omitted). "Factors relevant to this inquiry include whether the employees reported to the same supervisor, whether they were subject to the same standards and whether they had comparable experience, education,

5

qualifications." *Id.* In this case, Washington must show that other, non-African American, employees with unreported absences, without differing or mitigating circumstances, were not discharged. *See McNair v. Bonaventura,* 46 Fed. Appx. 849, 852, 2002 WL 31095083, *3 (7th Cir. 2002) (*citing Peele v. County Mut. Ins. Co.,* 288 F.3d 319, 330 (7th Cir. 2002)).

In Washington's summary judgment motion, he listed three employees that he claims received progressive disciplinary actions for their misconduct, as opposed to being fired (Sarah Ryczak, Dominic Perry, Deborah Higgins). *See* docket entry 36 at 11. However, Washington neither stated how these employees were similar to him, nor explained how they were disciplined differently. *Id.* Safer has presented evidence, an affidavit from Marketer Ash, Safer's Human Resources Manager, stating that these employees did not hold the same position as Washington, did not have the same supervisor, and did not commit 4 violations of either being absent or late without contacting their supervisor. Docket Entry 40, Exhibit L. Washington does not counter with evidence demonstrating that these three employees or others were similarly situated but received different treatment. Instead, he states that to require him to show that other employees were similarly situated with respect to the factors listed in *Burks* "would be the same as requiring the Plaintiff to touch the moon in a single bound." Docket Entry 50 at 4.

The lack of summary judgment evidence demonstrating that similarly situated employees not in Washington's protected class were treated less harshly, and his ultimate forfeiture this contention, dooms his prima facie case. *See Sublett,* 463 F.3d at 740 ("[f]ailure to satisfy any one element of the prima facie case is fatal to an employee's [discrimination] claim"); *Sartor v. Spherion Corp.,* 388 F.3d 275, 279 (7th Cir. 2004) (failure to show that similarly situated employees were treated differently prevents a plaintiff from establishing a prima facie case). Although the similarly situated element is flexible, and the plaintiff may not be required to show that his employment was identical to other employees in every aspect, the plaintiff must show enough common aspects in order to make a comparison. In the instant case, Washington has provided no evidence of similarly situated employees who were treated differently. His

unsupported assertion in his summary judgment motion that there must be non-African American employees of Safer that were not treated as harshly is insufficient to survive summary judgment. *See Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 560 (7th Cir. 2007) (although the similarly situated prong is flexible, failure of employee alleging age discrimination to put forth any evidence that younger employees were treated differently defeats a prima facie showing); *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005) (a plaintiff's mere allegation that there is evidence demonstrating a factual dispute is insufficient to prevent summary judgment, and the party must present evidence that would allow a jury to render a verdict in his favor). The summary judgment evidence thus shows that Washington cannot establish that similarly situated non-African American employees were treated differently.

The summary judgment evidence also demonstrates that Washington cannot satisfy the job performance element of a prima facie case of discrimination. Although Washington presented positive work evaluations from 1999, 2000, 2002, and 2003, *see* docket entry 36 (Washington's summary judgment motion), Exhibit 5, the critical inquiry concerns his performance at the time of termination. *Burks*, 464 F.3d at 753 (*citing Moser v. Indiana Dep't of Corr.*, 406 F.3d 895, 901 (7th Cir.2005)). "Reliability and promptness are important considerations in maintaining a work force" and "an employee's 'performance' is not necessarily confined to an appraisal of his or her substantive work." *Oates v. Discovery Zone*, 116 F.3d 1161, 1171 (7th Cir. 1997). Safer has demonstrated that Washington's tardiness, leaving work, and absences without following the proper notification procedures fell below Safer's performance expectations. *See* docket entry 40, Exhibits A-D. Though Washington refers to Safer's reliance on attendance, promptness, and procedures as "obviously pretextual" and "unworthy of credence," docket entry 36 at 7, Safer's June 2002 written reprimand and warning demonstrates the importance Safer placed on attendance and procedures, as does Safer's written memos instructing employees of notification procedures for being sick or absent from work. Docket Entry 40, Exhibit A, B, C. Washington points to no evidence showing that he met Safer's performance expectations with respect to attendance or that

Safer's reprimand and reliance on such requirements are pretextual. Though his grievances provide an explanation for his leaving work without permission one day and his absence the following day, his grievances do not demonstrate that he was performing up to Safer's performance expectations with respect to attendance at the time of his termination. The summary judgment evidence thus demonstrates that Washington cannot satisfy the job performance element of his prima facie case.

Even if Washington could establish a prima facie case of discrimination, Safer has presented a legitimate non-discriminatory explanation for terminating him, i.e. Washington's tardiness, leaving work, and not reporting to work without following the proper notification procedures. Docket Entry 40, Exhibit D. Though Washington states that this reason is "obviously pretextual" and "unworthy of credence," the summary judgment evidence – the June 2002 and the 2004 memos instructing employees of the proper notification procedures for being late or absent – demonstrate the importance Safer placed on promptness, attendance, and proper notification. *See* Docket Entry 40, Exhibits A-C; *Oates,* 116 F.3d at 1171. Absenteeism, tardiness, as well as leaving one's job without proper notification are legitimate non-discriminatory reasons for terminating an employee, *Oates,* 116 F.3d at 1171; *Murphy v. ITT Educational Services, Inc.,* 176 F.3d 934, 938-39 (7th Cir. 1999), and Washington's unsupported assertions do not demonstrate that Safer's proffered reasons for termination were a pretext for racial discrimination. The summary judgment evidence thus shows that, even if Washington could establish a prima facie case, Safer presented legitimate non-discriminatory reasons for its termination of Washington, and he would not be able to show that Safer's reasons were pretextual.

As a final note, this case presents no indication of racial discrimination. Although Washington had been employed with Safer for a number of years and was discharged, possibly abruptly, the summary judgment evidence nowhere indicates that such adverse action was racially based. This Court acknowledges that the indirect method of proof is intended to ease the often difficult task of proving an intangible, invisible discriminatory motive of an employer; however,

8

the plaintiff nonetheless ultimately must show that his employer's action was based upon discrimination against the plaintiff based upon his membership in a protected class. "[The plaintiff] must . . . provide evidence of at least an inference that the real reason for [the adverse employment action] was discriminatory." *Perez v. Illinois*, 488 F.3d 773, 777-78 (7th Cir. 2007). In this case, Washington provides no such inference of discrimination. In fact, the summary judgment evidence shows that Washington initially stated that he was fired because he "openly disagreed with [his] supervisor on things and had suggestions on ways of doing things differently" and he "did not fit the mold of Colleen MacRunnels' desire [because he] did not need micro managing." Docket Entry 40, Exhibit E. "Discrimination laws serve only to prevent consideration of forbidden characteristics - like race - but they are not, as we have repeatedly noted, court-enforced merit selection programs. . . . [This Court does] not sit as a super-personnel department with authority to review an employer's business decision as to whether someone should be fired or disciplined." *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 824 (7th Cir. 2006) (citation omitted).

## V. CONCLUSION

For the foregoing reasons, this Court finds that the summary judgment evidence shows that there is no issue of material fact with respect to Washington not being able to demonstrate two elements of a prima facie case of discrimination: that similarly situated non-African American employees were treated differently, and that he was performing his job up to Safer's expectations. The summary judgment evidence also demonstrates that, even if Washington could establish a prima facie case, Safer has presented a legitimate non-discriminatory reason for terminating him from employment, and that Washington cannot demonstrate that that reason was a pretext of discriminatory action. Washington has presented insufficient to no evidence indicating that Safer's termination of his employment, as abrupt or unfair as it may have been, was racially based such that it warrants relief under Title VII. Safer's motion for summary judgment is granted. Washington's motion for summary judgment is denied. Safer is terminated as a defendant and this

case is dismissed. All pending motions are denied. Washington is advised that, if he wants to appeal this judgment, he must file a notice of appeal within 30 days of the date the judgment is entered on this Court's docket.

ENTERED: *August 27, 2007*

*Wayne R. Andersen*
**Wayne R. Andersen**
**United States District Judge**